UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEMETRIA FOSTER | * | CIVIL ACTION NO. 23-3349 |
| | * | |
| | * | SECTION: "R"(1) |
| VERSUS | * | |
| | * | JUDGE SARAH S. VANCE |
| | * | |
| DANIELLE BARTON, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Demetria A. Foster filed this lawsuit against Danielle Barton, Eldridge Phillips, Jennifer Hamburger, Giovan K. Jackson, Keisha Gaines, the American Red Cross, University Medical Center, Tulane Medical Center, Derdanra Washington, Louis Robinson, Sr., Diane Robinson, Brandy Green, Morris Bart, HANO, Lekisha Foster Link, Chase Bank, and Shavon Duhon. However, her Complaint is devoid of any factual allegations sufficient to put the defendants on notice of the claims against them. Because Ms. Foster has failed to state a claim and because there is no basis for this Court's subject matter jurisdiction, it is RECOMMENDED that this lawsuit be DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

Background

Ms. Foster filed this lawsuit on August 11, 2023. The Court granted her motion to proceed in forma pauperis on August 18, 2023, but ordered that summons be withheld and that Ms. Foster show cause in writing why this case should not be summarily dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Ms. Foster has filed a written response.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do*

1

*not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

As noted, Ms. Foster has filed suit against Danielle Barton, Eldridge Phillips, Jennifer Hamburger, Giovan K. Jackson, Keisha Gaines, the American Red Cross, University Medical Center, Tulane Medical Center, Derdanra Washington, Louis Robinson, Sr., Diane Robinson, Brandy Green, Morris Bart, HANO, Lekisha Foster Link, Chase Bank, and Shavon Duhon. She provides a Louisiana address for each defendant. She also provides an address in New Orleans, Louisiana for herself. She invokes this Court's Federal Question jurisdiction, but she does not cite any statute or regulation in her Complaint. She asserts merely that defendants have broken her constitutional rights. On the Civil Cover Sheet, she has checked the box indicating that this Court

2

has jurisdiction because the United States is the plaintiff. For "Nature of Suit," she has checked the box for "other" and "Forfeiture/Penalty" causes of action. She also checked the box to indicate that this case has been reopened or reinstated, but she does not reference any related causes of action. Importantly, beyond asserting that her rights have been broken, Ms. Foster pleads no facts in support of her purported claims. She asserts that a dollar value cannot be put on the controversy. But she also seems to assert that she seeks "75,000,000,000,000,000,000,000,000,000,000 etc."

In response to the Court's Show Cause Order, Ms. Foster has submitted a stream of conscious narrative that is difficult to follow. She appears to allege that Ms. Jennifer Hamburger Wilson took her kids hostage. She appears to allege that she and/or her mother experienced identity theft. However, it is unclear if she is attempting to allege who did so. She alleges that Ms. Hamburger Wilson sex trafficked her seven years ago. She alleges that Dania Robinson "split the first money calling around to hinder me from work bus hospital." She appears to assert that she has been or is hospitalized at a behavioral health facility. She says she is trying to run for President and needs this case reopened so that she can do so. In further describing apparent identify theft, she mentions getting "paid off this same law suit and HANO home buy program." Other than the aforementioned references to Ms. Hamburger Wilson, Ms. Robinson, and HANO, she does not mention any of the other named defendants.

Considering both the Complaint and Ms. Foster's response to the show cause order, the Court cannot discern a possible claim, let alone a plausible one. Ms. Foster has failed to state a claim. Moreover, the Court cannot determine a basis for jurisdiction.[1] All parties appear to be Louisiana citizens, so there is no diversity jurisdiction. 28 U.S.C. § 1332; see Getty Oil Corp., Div.

---

[1] "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). And there appears to be no state actor or action taken under color of law that can underpin a constitutional claim under 42 U.S.C. § 1983.

Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for failure to state a claim and for lack of subject matter jurisdiction.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 2nd day of October, 2023.

                                                         Janis van Meerveld
                                            United States Magistrate Judge